UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN T. MITCHELL,

          Plaintiff,

     -against-

STITCH INDUSTRIES INC., et al.,

          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___05/07/26___

26-CV-3513 (MMG) (BCM)

**ORDER DENYING VALENTIN REQUEST AND MOTION FOR EXPEDITED DISCOVERY**

**BARBARA MOSES, United States Magistrate Judge.**

The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). *See* Dkt. 5. All pretrial motions and applications, including those related to scheduling and discovery (but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23) must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

**Background**

Plaintiff Stephen T. Mitchell, proceeding pro se, filed this fee-paid action on April 28, 2026, against Stitch Industries, Inc., d/b/a "Joybird" (Stitch), Glenda Aviles (Ms. Aviles), Jacquie Raymundo (Ms. Raymundo), John Doe Delivery Company (Doe Company), and John Doe Furniture Delivery Man (Mr. Doe). Compl. (Dkt. 1) at 1. Plaintiff identifies himself as a "69 year old Black man[.]" *Id*. ¶ 3. He alleges that he purchased a sofa and two chairs from Stitch, but that its delivery contractor, Doe Company, sent an "undermanned, two-person crew" to deliver the sofa. *Id*. ¶ 5. Mr. Doe, who was the crew supervisor, claimed that the sofa would not fit into the

elevator of plaintiff's building and then – when plaintiff "rightfully protested the crew's failure to perform" – twice used a racial slur to refer to plaintiff. *Id*. ¶¶ 5-7. Plaintiff asked Stitch and Doe Company to "address this issue," but Ms. Aviles (a Doe Company supervisor) "endorsed the slur," and she and Ms. Raymundo (a Stitch customer service manager) "conspired to manufacture a 'physical threat' narrative against Plaintiff; an angry and dangerous Black man narrative." *Id*. ¶¶ 10-12. Defendants then "weaponized a known falsehood to place Plaintiff on a permanent 'Do Not Deliver' list." *Id*. ¶ 13. Plaintiff seeks damages pursuant to 42 U.S.C. § 1981 and New York law. *Id*. ¶¶ 52-86.

Summonses were issued for the named defendants on April 28, 2026. *See* Dkt. 3. Three days later, on May 1, 2026, plaintiff wrote to the Court, advising that he wishes to amend the complaint to identify the "Doe" defendants, *see* Pl. Ltr. (Dkt. 6) at ECF p. 2, and attaching a motion to expedite discovery pursuant to Fed. R. Civ. P. 26(d)(1). *Id.* at ECF pp. 9-11. Specifically, plaintiff seeks leave to "serve a limited document request or subpoena" on defendant Stitch to obtain the "legal names and service addresses" of Doe Company, Ms. Aviles, Mr. Doe, and Ms. Raymundo. *Id*. at ECF pp. 5-6. Plaintiff explains that he is facing several serious health challenges and consequently wishes to "expedite[] this case to trial." *Id*. at ECF p. 7. He states that he asked the General Counsel of Stitch for identifying information for the John Doe defendants, but "they never responded." *Id*. Also on May 1, 2026, plaintiff filed (without a separate motion, cover letter, or other explanation) a proposed form of order, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), which would direct Stitch to provide the legal names and service addresses of Doe Company and Mr. Doe, along with "current service addresses" for Ms. Aviles and Ms. Raymundo. Dkt. 7 at 2. Thus far, however, there is no evidence on the docket that plaintiff has served Stitch with the summons and complaint.

2

Although plaintiff is proceeding *pro se* in this matter, he was a member of the bar until 2010, when he resigned, *see In re Mitchell*, 76 A.D.3d 269, 903 N.Y.S.2d 749 (2d Dep't 2010), while facing criminal charges. In recent years, Mr. Mitchell has been an active litigant on his own behalf in this District and elsewhere. *See, e.g.*, Memorandum and Order (Dkt. 33), *Mitchell v. City of New York*, No. 23-CV-4466 (E.D.N.Y. Mar. 31, 2025) (dismissing damages action, brought pursuant to 42 U.S.C. § 1983, arising out of plaintiff's 2013 conviction for grand larceny); Opinion (Dkt. 7), *Mitchell v. City of New York*, No. 23-CV-4465 (E.D.N.Y. July 28, 2023) (consolidating three separate cases seeking *habeas* relief and/or damages arising out of plaintiff's 2015 conviction for grand larceny, and dismissing all of them); Complaint (Dkt. 1), *Mitchell v. Kraft*, No. 25-CV-10065 (S.D.N.Y. Dec. 3, 2025) (complaint for damages pursuant to 42 U.S.C. § 1983 arising out of plaintiff's 2022 arrest, which did not lead to a conviction).

### Plaintiff's Request for a *Valentin* Order

In *Valentin*, the Court of Appeals held that it was an abuse of discretion for the district court to dismiss the complaint of an incarcerated pro se plaintiff against "officer Donavan," who was never served, without first making "a further inquiry into the identity of officer Donavan," whose full name and shield number were unknown to the plaintiff. 121 F.3d at 75-76. Although *Valentin* orders are typically addressed to governmental defendants, requesting assistance in identifying individual law enforcement officers or other government employees, some district courts have employed the same device to ask corporate defendants to identify their employees or provide service addresses for them. *See, e.g.*, *Doe #1 v. 2001 Arthur LLC*, 2025 WL 831594, at *1 (S.D.N.Y. Feb. 11, 2025); *Peterec v. TGI Fridays, Inc.*, 2023 WL 6960347, at *2 (S.D.N.Y. Oct. 19, 2023).

3

In this case, however, the plaintiff is not incarcerated, does not appear to be impoverished, and is not otherwise prevented from utilizing the normal discovery mechanisms available to civil plaintiffs to learn the identity of Stitch's delivery contractor and the service address of its customer service manager Ms. Raymundo.[1] Moreover, since Stitch itself is not yet before the Court (nor subject to electronic notification, as some public agencies are), the issuance of a *Valentin* order addressed to Stitch would be "futile." *See Washington v. Westchester Cnty. Dep't of Correction*, 2015 WL 408941, at *9 (S.D.N.Y. Jan. 30, 2015) (denying plaintiff's request for a *Valentin* order where such an order "would be futile").

### Plaintiff's Motion for Expedited Discovery

For similar reasons, plaintiff is not entitled, at this time, to expedited discovery in aid of identifying and serving the defendants other than Stitch. It is plaintiff's obligation to serve the summons and complaint upon Stitch. While he is required to do so within 90 days after the complaint was filed, *see* Fed. R. Civ. P. 4(m), he may serve immediately, if he prefers, at which point Stitch will have 21 days to appear and respond. *See* Fed. R. Civ. P. 12(a). Once Stitch is served and has appeared, plaintiff may "obtain discovery from [Stitch] which may assist him in identifying" the Doe defendants. *Carpio v. Luther*, 2009 WL 605300, at *2 (W.D.N.Y. Mar. 9, 2009) (declining to grant a *Valentin* order, and instead advising the plaintiff to "identify defendants Jane Doe through discovery," and then "apply to this Court for an order directing amendment of the caption and service on the defendants as soon as they have been identified").

In assessing a request for expedited discovery, courts in this Circuit apply a "flexible standard of reasonableness and good cause," applying "particularly careful scrutiny" where, as here, "plaintiff not only seeks expedition," but also moves on what is effectively "an ex parte

---

[1] Stitch may or may not possess the remaining information that plaintiff seeks, concerning Doe Company's personnel.

4

basis," without waiting for the relevant defendant to appear.[2] *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (Lynch, J.). Under these circumstances, "[t]he bar is fairly high." *Moody v. Starbucks Corp.*, 2025 WL 3687554, at *1 (S.D.N.Y. Dec. 19, 2025) (denying early discovery). Thus, for example, in *Ayyash*, the court granted early discovery as to the location of defendants' assets where (i) most of the defendants had already been served; (ii) the plaintiff had already made "a strong evidentiary showing of the substantiality of his claims," which alleged a massive financial fraud; and (iii) defendants were "foreign individuals and corporations who have both incentive and capacity to hide their assets." 233 F.R.D. at 327.

Although leave to take expedited discovery may be granted for the purpose of identifying or locating Doe defendants, in such cases the plaintiff is generally required to show that the requested discovery is the *only* method by which it could name or serve those defendants. *See, e.g.*, *McDerman v. Does*, 2025 WL 2963197, at *2 (S.D.N.Y. Oct. 21, 2025) (denying motion for expedited discovery where "[t]he subpoenas requested by Plaintiff are not the only way of obtaining the identity of Defendants in this case"); *SingularDTV, GmbH v. Doe*, 637 F. Supp. 3d 38, 42 (S.D.N.Y. 2022) ("Courts have generally only granted expedited discovery requests to identify John Doe defendants . . . where a plaintiff established that 'it lack[ed] the means to obtain the [defendant's] identifying information' other than by the subpoena at issue[.]") (quoting *John Wiley & Sons, Inc. v Doe Nos. 1-30*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012)).

Here, while the Court is sympathetic to plaintiff's health issues, expedited discovery is clearly not the only means by which he may, in the ordinary course, learn the names and addresses

---

[2] Plaintiff states that he sent a copy of his motion papers by Federal Express to the General Counsel of La-Z-Boy Incorporated, in Monroe, Michigan, on May 1, 2026. *See* Dkt. 6 at ECF p. 10. However, Ms. Raymundo previously provided plaintiff with a different address for the General Counsel of Stitch, at the Stitch Legal Department in Los Angeles, California. *See* Compl. at ECF p. 44. Plaintiff does not explain the relationship, if any, between Stitch and La-Z-Boy.

of the defendants other than Stitch. Moreover, the conduct of which plaintiff complains took place in the fall of 2025; he advised Stitch in January 2026 that he intended to sue, *see* Compl. at ECF p. 44; and the relief he seeks is primarily retrospective (damages). *See id*. at 16-17. I therefore conclude that – after waiting another three months to file this lawsuit – plaintiff has not shown good cause for forcing a defendant which has not yet been served to provide discovery on an expedited timeline to assist plaintiff in naming and/or serving other defendants.

## Conclusion

For these reasons, plaintiff's request for a *Valentin* order (Dkt. 7) and motion for expedited discovery (Dkt. 6) are DENIED.

Dated: New York, New York
      May 7, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**

6