USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: July 20, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN T. MITCHELL,

Plaintiff,

-against-

STITCH INDUSTRIES INC. d/b/a JOYBIRD, et al.,

Defendants.

26-CV-03513 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

This lawsuit stems from a January 21, 2026, incident during which Plaintiff alleges workers delivering a sofa accosted him in racially charged, offensive, and hateful terms. *Pro se* Plaintiff is Stephen T. Mitchell. Defendants are Stitch Industries, Inc. doing business as "Joybird" (the seller of the sofa); Glenda Aviles (the manager of the delivery company); Jacquie Raymundo (a customer experience supervisor at Joybird); and "John Doe Delivery Company" and "John Doe Furniture Delivery Man." The case was assigned to the undersigned on April 28, 2026, and the Court referred the matter to Magistrate Judge Barbara C. Moses for general pre-trial supervision on April 29, 2026. Dkt. No. 5. Presently before the Court is Plaintiff's objection to Judge Moses' May 29, 2026 Order extending Defendant Joybird's deadline to respond to the complaint.

On May 1, 2026, Plaintiff moved for expedited discovery to identify the Doe defendants. Dkt. No. 6. He also filed a proposed *Valentin* order requiring Joybird to identify the Doe defendants. Dkt. No. 7. On May 7, 2026, Judge Moses issued a characteristically well-reasoned and thorough order denying the motions. She reasoned a *Valentin* order was inappropriate because Plaintiff was neither incarcerated nor unable to later utilize normal discovery mechanism to identify the Doe defendants and because Stitch had not yet appeared. She also reasoned that expedited discovery to identify the other defendants was inappropriate given precedent requiring Plaintiff to first show that he could not identify the Doe defendants through some other means. *Id.* at 5. In the Order's closing sentences, Judge Moses noted that the conduct in this lawsuit occurred in the fall of 2025, Plaintiff advised Stitch in January 2026 he intended to sue, and Plaintiff primarily sought prospective relief. "I therefore conclude that – after waiting another three months to file this lawsuit – plaintiff has not shown good cause for forcing a defendant which has not yet been served to provide discovery on an expedited timeline to assist plaintiff in naming and/or serving other defendants."

On May 28, 2026, Defendant Joybird moved to extend its deadline to respond to the complaint, explaining that counsel was newly retained and needed additional time to gather information to properly respond to the complaint. Dkt. No. 11. The letter stated Plaintiff conditioned his consent on counsel providing information "about co-defendants that we do not represent," but counsel could not "meet Plaintiff's conditions and so I request the Court grant my request over Plaintiff's objection." *Id.* Judge Moses granted the extension the next day. Dkt.

No. 15. A short time later, Plaintiff filed a letter asking Judge Moses to deny the motion and find Defendant in default or condition the motion on Joybird disclosing information relevant to the other Defendants and this lawsuit. Dkt. No. 16. Judge Moses denied the motion on June 5, 2026, explaining she had already granted the extension and would not order what was, in effect, a motion for expedited discovery (having already denied a similar motion that Plaintiff filed). Dkt. No. 18.

Plaintiff filed an objection to Judge Moses' order under Federal Rule of Civil Procedure 7(a) on June 7, 2026. Dkt. No. 19. It asks that the Court find Joybird "in technical default" or modify the order to require Joybird to immediately turn over certain discovery materials. Plaintiff argues that Judge Moses relied on "bad-faith semantic distortion" in the motion and that Joybird's counsel misrepresented that Plaintiff asked counsel to represent third-parties. Plaintiff also argues Judge Moses' order stemmed from a factual error that the conduct underlying the complaint occurred in the "fall of 2025."

Plaintiff's objections to Judge Moses' order are overruled. The motion for an extension clearly did not represent that Plaintiff asked counsel to represent third parties. Instead, the motion simply highlighted that Plaintiff had asked for information about Joybird's co-defendants and noted counsel did not represent those defendants and was not yet in a position to provide the requested information in any event. Next, Judge Moses aptly understood the chronology and applicable law in this matter. Furthermore, Judge Moses' reasoning remains persuasive regardless of when the events in this lawsuit occurred. Joybird had not appeared when Plaintiff first sought his *Valentin* order. And Plaintiff had not shown that he had no means besides expedited discovery to identify the Doe defendants. The Court can perceive no error in this reasoning.

Finally, Plaintiff on June 18, 2026 filed a letter seeking leave to file a certified medical letter noting "the severe side effects of [Plaintiff's] thrice-weekly hemodialysis treatments." Dkt. No. 21. Denied. The proffered evidence does not affect Judge Moses' analysis nor alter this Court's ruling.

Dated: July 20, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge