RECEIVED
SDNY PRO SE OFFICE
2026 JUL 17 AM 9:34

STEPHEN T. MITCHELL
461 CENTRAL PARK WEST Apt. 6B
NEW YORK, NY 10025
stm7615@aol.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/21/26

**MEMO ENDORSED**

July 17, 2026

*Re: Mitchell v. Stitch Industries, Inc., et al. (MMG)(BCM)*
*Request for Extension of Time to Effect Service*
*Pursuant to Fed. R. Civ. P. 4(m)*
*26-cv-3513*

Via Hand Delivery

The Honorable Barbara C. Moses
United States Magistrate Judge
United States District Court
500 Pearl Street
Room 740
New York, NY 10007

Application GRANTED to the extent that plaintiff's deadline to serve the Amended Complaint on defendants Glenda Aviles and Jacquie Raymundo is EXTENDED to **October 26, 2026**, which is the same deadline for service on the John Doe logistics company, *see* Dkt. 30, now identified as Home Delivery Enterprises, Inc. *See* Dkt. 34 Ex A. All other requested expedited relief is DENIED.
SO ORDERED.

July 21, 2026

**Barbara Moses, U.S.M.J.**

Emergency Letter-Motion for Conference, Expedited Service Discovery, and Rule 4(m) Extension

Dear Judge Moses:

Plaintiff *pro se* Stephen T. Mitchell respectfully submits this emergency letter-motion pursuant to the explicit directive of chambers staff (per Ms. Kay) on July 16, 2026, directing physical delivery of this letter to chambers for immediate review.

Plaintiff respectfully requests that the Court issue its decision on this matter immediately to prevent severe, irreversible financial and procedural prejudice. Plaintiff urgently requests: 1) An Order compelling Defendants immediately to disclose the physical delivery addresses of individual defendants Glenda Aviles and Jacquie Raymundo; 2) an Order compelling Defendants to formally disclose the corporate identity of the delivery company (which defense counsel has confirmed is not "Piece of Cake") and that company's service delivery address; 3) an Order compelling the immediate initial disclosure of all evidence regarding Defendants' false allegations of "physical threats" pursuant to this Court's Initial Disclosure Order; and 4) a corresponding extension of Plaintiff's Rule 4(m) service deadline for individual defendants Glenda Aviles and Jacquie Raymundo which expire on July 27, 2026.

Although Plaintiff's understanding of the court's recent order is that he has until October 26, 2026 to serve the "John Doe" defendants, including the delivery company, Plaintiff seeks the immediate revelation of the name of the delivery company and the employer of John Doe

Deliveryman and Glenda Aviles, his dispatcher and a re-confirmation Plaintiff has until October 26, 2026 to serve the delivery company and the John Doe Deliveryman.

THE CALCULATED "CATCH-22" TRAP:
THE JULY 27 DEADLINE VS. THE JULY 29 CONFERENCE

A glaring and highly suspect conflict exists on this Court's docket. This Court has a scheduled conference in this matter on July 29, 2026—exactly two days after the Rule 4(m) service deadline for individual defendants Glenda Aviles and Jacquie Raymundo expires on July 27, 2026.

At 4:30 p.m. on July 16, 2026 Plaintiff spoke with John McEntee, Stitch's counsel by telephone. Mr. McEntee, during a 31-minute meet-and-confer session, explicitly stated that under the Initial Disclosure rules, he is not obligated to provide any of the requested identity or address information at this time. He argued that these disclosures can wait until "after" the initial conference on July 29, 2026.

He declined to provide any of the identifying information or addresses Plaintiff has been seeking for several months. Mr. McEntee asserted he was not obligated to share this information at this time and stated he wanted to confer with his clients or prospective clients (Ms. Raymundo) as to whether or not they consented to give this information to Plaintiff before there was an obligation to furnish the information pursuant to statute. Although Plaintiff reminded Mr. McEntee of Plaintiff's wariness of the 4(m) deadlines defense counsel was unmoved and provided none of the requested information.

He specifically told Plaintiff "Piece of Cake" was not the delivery company but refused to check files, he acknowledged were available, to provide Plaintiff the true name of the delivery company. His excuse was his client did not give him permission to provide that information. Plaintiff countered that there was a court order directing the parties to exchange information. Mr. McEntee did not relent and insisted upon alerting and then obtaining the permission of his client-his delay tactics etching the Plaintiff closer to losing defendants because of the 4(m) deadline.

This is a calculated, bad-faith "Catch-22" designed to strip this Court of jurisdiction. Defense counsel is actively attempting to hide behind the timelines of Rule 26(a) to ensure that the Rule 4(m) service clock runs out on July 27, 2026. If defense counsel is permitted to withhold basic identity and address information until the July 29, 2026 conference, the individual defendants will remain unserved, and defense counsel will walk into the conference room demanding dismissal of the claims against them.

Furthermore, because of this silence, Plaintiff is facing severe financial prejudice. Mr. McEntee confirmed during our call that "Piece of Cake" is "not" the delivery company, but claimed he "could not remember" the name of the actual contractor used. This nonsense caused Plaintiff to be trapped: he cannot serve the delivery company because Defendants refuse to name them and attempting blind service on unverified locations for the individuals will easily cost

Plaintiff in excess of $1,000 in needless service fees. The delay tactics advantage the defense and prejudice the Plaintiff unfairly.

Information regarding the delivery company is not available publicly. Further, these companies often have a variety of names that are different from the name of the corporation sponsoring them. The name on the truck often likely is not the corporate name. Plaintiff has been hamstrung for months, pre-litigation and post-litigation, seeking the name of the delivery company. It is unconscionable for the Defendant Stitch to be allowed to withhold information to an extent that could lead to the dismissal of claims against other defendants. These tactics serve to favor Stitch and its co-defendants and this court should take aggressive measures to deny the unfairness.

RELIEF REQUESTED

Plaintiff is entitled to relief because he has acted with absolute diligence and faces imminent financial and procedural prejudice. Plaintiff respectfully requests that this Court enter an Order: 1) Extending Plaintiff's deadline under Rule 4(m) to complete service of process on Glenda Aviles and Jacquie Raymundo to October 26, 2026 (or, alternatively, to a date after the scheduled July 29, 2026 conference); 2) Compel Defendant Stitch and counsel immediately to disclose the physical delivery addresses of the individual defendants and formally clarify the corporate identity of the delivery company and its service address; and 3) Compel Defendant Stitch and counsel to produce all evidence supporting their allegations of "physical threats," or, in the alternative, strike those allegations from the record.

Plaintiff respectfully requests that Chambers contact him immediately upon reaching a decision on this application so that he may coordinate service without incurring unnecessary and wasteful costs. Plaintiff's email is listed above; that is the best way to notify him immediately.

Respectfully submitted,

Stephen Mitchell
*Pro Se*

John McEntee, Esq.