USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 9/3/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN T. MITCHELL,

Plaintiff,

-against-

STITCH INDUSTRIES INC., *d/b/a* JOYBIRD, et al.,

Defendants.

26-CV-3513 (MMG) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

There are two motions to dismiss the Second Amended Complaint pending before the Court (Dkts. 54, 61), as well as two motions, filed by the same parties, to stay discovery pending determination of the motions to dismiss. (Dkts. 57, 65.) On August 29, 2026, plaintiff submitted a letter requesting an extension, until September 30, 2026, to oppose all four pending motions, primarily because he is required to undergo hemodialysis three days per week. *See* Dkt. 69 at 2, 6. In the same letter, plaintiff requests an order requiring the moving defendants to serve their "mandatory Rule 26(a)(1) Initial Disclosures forthwith in an accessible, text-searchable electronic format fully compatible with standard macOS software[.]" *Id*. at 6. Pursuant to this Court's Initial Case Management Order, issued on July 29, 2026, the parties' Rule 26(a)(1) disclosures are due September 9, 2026, "unless discovery has been stayed by that date." Dkt. 50 ¶ 4.

By letter dated September 2, 2026, moving defendants Stitch Industries Inc. and Jaquie Raymundo (collectively, Stitch) agreed to plaintiff's proposed extension, requested that their reply date be extended accordingly, to October 21, 2026, and further requested that discovery be temporarily stayed pending a decision on the stay motion. Dkt. 72 at 1-2. That same day, moving defendants Home Delivery Enterprises, Inc. and Glenda Aviles (collectively, Home Delivery) submitted a letter asking the Court to deny plaintiff's extension requests in their entirety, and repeating their request that discovery be stayed pending the outcome of the motions to dismiss. Dkt. 70 at 1-3. In the alternative, Home Delivery requests an extension of its reply deadline on its motion to dismiss until October 30, 2026, noting that its counsel will be out of the office from October 2-12. *Id*. at 4.

After careful consideration of the parties' arguments, the Court GRANTS plaintiff's request for an extension, to **September 30, 2026**, of his deadline to oppose the motions dismiss and the stay motions. Although plaintiff may submit consolidated opposition papers with respect to the two motions to dismiss, and likewise may consolidate his opposition papers with respect to the two stay motions, his opposition to the stay motions must be separate from his opposition to the motions to dismiss. The moving defendants' deadline to file their reply papers, with respect to all pending motions, is extended to **October 26, 2026**. Defendants must also file their papers with respect to their stay motions separately from their papers with respect to their motions to dismiss.

Automatic disclosures pursuant to Fed. R. Civ. P. 26(a)(1) remain due by **September 9, 2026**. The Court declines to require any special format for defendants' production, given that (a) plaintiff has not offered to reciprocate (and has consistently submitted non text-searchable documents to the Court for filing), and (b) there is no current reason to believe that defendants' production will be so voluminous (or inconveniently formatted) as to make review difficult.

Beyond the automatic disclosures due on September 9, 2026, the parties may not serve any new discovery demands (or take steps to enforce discovery demands previously served, if any) until the Court has ruled on the motions to stay discovery. While plaintiff has demonstrated good cause for the extension he has requested to respond to the stay motions, it would be unfair to defendants to allow him to use that extension to pursue discovery before the Court has had an opportunity to rule on the stay motions.

Dated: New York, New York
September 3, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**